PEOPLE *v.* GORDON.

1. RAPE—ASSAULT WITH INTENT TO COMMIT RAPE—EVIDENCE—SUFFICIENCY.

In a prosecution for assault with intent to commit rape, testimony by the prosecutrix, although controverted by the testimony of a companion of defendant, *held*, sufficient to sustain conviction.

Rape, 33 Cyc. p. 1403.

2. CRIMINAL LAW—RAPE—RESISTANCE—EVIDENCE—CONCLUSION.
In a prosecution for assault with intent to commit rape, permitting the prosecutrix to testify that "I exerted all the force I was able," *held*, not reversible error as permitting her to state a conclusion, where she related in detail her acts of resistance and her conduct on the occasion.

Error to Wayne; Miller (Guy A.), J.    Submitted April 15, 1927.    (Docket No. 168.)    Decided June 6, 1927.

Stanley Gordon was convicted of an assault with intent to commit rape, and sentenced to imprisonment for not less than 9½ nor more than 10 years in the State prison at Marquette.    Affirmed.

*Edward N. Barnard,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Ben H. Cole* and *William W. MacPherson,* Assistant Prosecuting Attorneys, for the people.

CLARK, J.    Defendant reviews on error a judgment upon conviction of assault with intent to commit the crime of rape.    In the evening of March 8, 1926, defendant in down town Detroit took prosecutrix, a girl 16 years old, and another young woman into his automobile to drive them home.    He left the young woman at her home, and then drove prosecutrix, against her protest, out into the country.    The record supports the statement that he had told other young men of his purpose, and had invited them to attend.    He drove his car into a dark side road, stopped it, and turned out the lights.    Then by attempted familiarities and by solicitation he sought sexual intercourse, without success.    Presently the other young men arrived in another car.    Some of them, at least, got

²Criminal Law, 16 C. J. § 1532; Rape, 33 Cyc. p. 1462 (Anno).

into defendant's car.    Defendant did not testify.    One
of the young men did, and his testimony conflicts with
that of the girl.      According to her story, she was
crying, pleading, protesting, and resisting; one of the
men placed a hand over her mouth, another held her
arms, defendant her legs, and she was told that she
must satisfy all of them.    She escaped from the car,
ran down the road, and soon was found by some police
officers, who testified that she was crying and that she
then related her complaint.

It is contended that the evidence will not support
a finding that the defendant intended to commit rape.
Her testimony of what happened after the young men
arrived, and of defendant's part in it, if true, will
sustain the verdict.    Her testimony finds some cor-
roboration in that of the police officers, but it is in
conflict with that of the young man.    But in view of
his admitted purpose in going to defendant's car at
the time, it is not surprising that the jury accepted
the girl's version.

The verdict is supported sufficiently by evidence.
The prosecutrix was permitted to testify that "I ex-
erted all the force I was able."    This is criticized as
a conclusion.    It will suffice to say that the witness
related in detail her acts of resistance and her conduct
of the occasion, and that therefore we think the criti-
cized statement was not reversible error.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS,
WIEST, and McDONALD, JJ., concurred.